## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kathleen Walsh a/k/a Kathy Walsh, individually and on behalf of all others similarly situated, <br><br>                            Plaintiff, <br><br><br><br><br><br>        -v.- <br> Resurgent Capital Services, L.P., LVNV Funding LLC, <br><br><br><br>                    Defendant(s). | C.A. No: 3:22-cv-1660 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Kathleen Walsh a/k/a Kathy Walsh (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, against the Defendants Resurgent Capital Services, L.P. (hereinafter "Resurgent") and LVNV Funding LLC (hereinafter, "LVNV") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or the "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claims occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Connecticut consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Connecticut, County of New Haven.

8.      Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

9.      Upon information and belief, Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and as used in the FDCPA with an address for service care of Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut 06103.

11.     Upon information and belief, LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.   all individuals with addresses in the State of Connecticut;

   b.   to whom the Defendants sent an initial collection letter;

   c.   attempting to collect a consumer debt;

   d.   which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action

3

e.   wherein the collection letter is open to more than one reasonable interpretation regarding the debt dispute period, at least one of which is inaccurate; and/or

f.   wherein the collecton letter contains a notice required by 15 U.S.C. § 1692g (a)(3)-(5), but represents that such notice is required by the "state of CT."

14.     The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect debts and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

17.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e and/or 1692g.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the members of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the Plaintiff Class insofar as the Plaintiff has no interests that are averse to the absent members of the Plaintiff Class. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member and in that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to June 4, 2022, an obligation was allegedly incurred to non-party Synchrony Bank ("Synchrony").

23.     The Synchrony obligation arose out of transactions which were primarily for personal, family or household purposes.

24.     The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     Thus, Synchrony is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     Upon information and belief, Defendant LVNV acquired the allegedly defaulted debt. Therefore, Defendant LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

27.     Upon information and belief, Defendant LVNV contracted with the Defendant Resurgent to collect the allegedly defaulted debt.

28.    Defendant Resurgent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

29.    Defendant LVNV has policies and procedures in place that govern the Defendant Resurgent's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant LVNV's control over the Defendant Resurgent's collection practices.

30.    By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over the Defendant Resurgent while the latter was engaged in collecting the subject debt on behalf of the former.

31.    Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by the Defendant Resurgent.

*Violations – June 4, 2022 Collection Letter*

32.    On or about June 4, 2022, Defendants sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed. (A true and accurate copy of the Letter mailed from the Defendants to the Plaintiff is attached hereto as Exhibit A.)

33.    The Letter is dated June 4, 2022.

34.    The Letter contains the following "G Notice" language that the Defendants purport "[t]he state of CT requires" as follows:

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

35.     The Letter also contains a message concerning the debt dispute deadline as follows:

Call or write to us by July 9, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct. If you write to us by July 9, 2022, we must stop collection of any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

36.     When a debt collector solicits payment from a consumer, it must, within five days of

an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

32.     These required disclosures set forth in § 1692g(a) are more commonly known as the

"G Notice."

33.     Although a collection letter may track the statutory language, "the collector

nevertheless violates the Act if it conveys that information in a confusing or contradictory

fashion so as to cloud the required message with uncertainty." *Russell v. Equifax A.R.S.*, 74 F.3d

30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper

debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights ... violates the Act." *Id.* at 34.

34.   Despite the fact that the Letter contained the notices required in an initial communication by 15 U.S.C. § 1692g(a), it was deceptive in nature by overshadowing and confusing the Plaintiff's validation rights.

35.   The Letter violates the "G Notice" requirement because the Letter is open to more than one reasonable interpretation regarding the debt dispute period, at least one of which is inaccurate.

36.   Specifically, the Letter sets forth that the Plaintiff has thirty (30) days to dispute the debt.

37.   Thus, thirty (30) days from the date of the Letter, July 4, 2022, is a reasonable interpretation of the debt dispute deadline.

38.   However, the Letter also sets forth that July 9, 2022 is the debt dispute deadline.

39.   Accordingly, the Letter is materially misleading because it is open to more than one reasonable interpretation of the debt dispute period, at least one of which is inaccurate.

40.   Moreover, the statement that the G Notice is required by the "state of CT" is false.

41.   Thus, the Letter is inherently deceptive because the information provided in the "G Notice" is overshadowed by the confusing delivery, false information and contradictory interpretation of same.

42.   For the foregoing reasons, Plaintiff was unable to evaluate her options of how to handle this debt.

43.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

44.     In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

45.     Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

46.     Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial and reputational detriment.

47.     Plaintiff has suffered emotional distress, including, but not limited to fear and restlessness, because of the Defendants' violations.

48.     Plaintiff has suffered wasted time and annoyance because of the Defendants' violations.

49.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

50.     The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

51.     As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, defamation and conversion.

52.     For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

53.     Plaintiff is entitled to receive proper notice of her debt and validation rights, as required by the FDCPA.

54.     Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

55.     These violations by the Defendants were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid such violations.

56.     Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

57.     Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this alleged debt.

58.     Plaintiff was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

59.     Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

60.     But for the Defendants' violations of the FDCPA, and the resulting confusion therefrom, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

61.     As a result of the Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

11

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

62.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

63.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

64.     Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65.     Defendants violated § 1692e:

    a.   As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate; and

    b.   By making a false and misleading representation(s) in violation of §1692e(10).

66.     By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C.
### §1692g *et seq.*

67.     Plaintiff repeats the above allegations as if set forth herein.

68.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

69.     Pursuant to 15 U.S.C. § 1692g:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1.  The amount of the debt;

2.  The name of the creditor to whom the debt is owed;

3.  A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.  A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

70.     Defendants violated this section because the information provided in the "G Notice" is overshadowed by the confusing delivery, false information and contradictory interpretation of same.

71.     Defendants in turn continued to collect the debt from the Plaintiff without providing a proper "G Notice."

72.     By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

73.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Kathleen Walsh a/k/a Kathy Walsh, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2.     Awarding the Plaintiff and the Class statutory damages;

3.     Awarding the Plaintiff and the Class actual damages;

4.     Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding the Plaintiff and the Class such other and further relief as this Court may

deem just and proper.

December 31, 2022                                    Respectfully Submitted,

                                                    **Stein Saks, PLLC**
                                                    /s/ Yaakov Saks
                                                    Yaakov Saks, Esq.
                                                    One University Plaza, Suite 620
                                                    Hackensack, NJ 07601
                                                    P. (201) 282-6500
                                                    ysaks@steinsakslegal.com
                                                    *Counsel for Plaintiff*